*STEWART* vs. *BARROW.*

## APPLICATION for a certiorari.

Eastern Dis.
*Dec'ber,*1827

If the cause be tried without evidence, and out of the regular time of the court, the party cannot be relieved by a *certiorari,* but is driven to his appeal.

PORTER J. delivered the opinion of the court. This is an application for a writ of *certiorari* to the Parish judge of West Feliciana, commanding him to send up the proceedings in this case, and for an injunction prohibiting him from executing a judgment which he had rendered. The grounds of the application as disclosed by the petition, and supported by the oath of the petitioner, are "that on the 28th July last, Barrow, then under tutor to the step son of the petitioner, filed a petition in the Probate court of the parish aforesaid, seeking to remove the petitioner from the tutorship of her son; that on the first day of August she filed an opposition to said petition, and requested the same to be put on the docket of litigated causes for trial at the regular term of the court—that some short time afterwards, on the eighth of August, without any notice to the party opposing, or her counsel, and in their absence, and not at a regular session of said court, the Parish Judge of said court, without any evidence, or even setting the cause for trial, upon the petition and opposition alone, after holding a meeting which

he denominated a family meeting, entered up a judgment by which he removed the petitioner from the office of tutor, and appointed Barrow in his stead.

This application has been supported principally on the rules prescribed by the code of practice in relation to the writ of *certiorari.* But the 857th and 858th articles of that work appear to offer an insurmountable objection to granting the prayer of the petitioner. By the first it is provided, "that the mandate is only granted in cases where the suit is to be decided in the last resort, *and where there lies no appeal, &c. &c.*"

By the last it is declared, "that the party wishing to obtain this mandate, shall address his petition to a competent tribunal, in which he shall state the causes of nullity of the acts done by the lower court to his prejudice, *in a cause where there lies no appeal.*"

Now we see nothing here which prevents the petitioner from appealing. If it be true that the case was decided without evidence, out of the regular term, and on the deliberations of a family meeting alone, a transcript of the proceedings will shew these facts, and where there is relief in the ordinary course of proceedings,

the court cannot extend the aid of a remedy which is only given in default of them.

The motion is therefore refused.